IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA PONTRELLI, in her individual capacity and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONAVIE, INC., and MONAVIE, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-cv-01215-DN-DBP<br><br>District Judge David Nuffer |

Plaintiff Lisa Pontrelli ("Ms. Pontrelli") initiated a putative class action against Defendants MonaVie, Inc. and MonaVie, LLC (collectively, "MonaVie") in the United States District Court for the District of New Jersey.[1] Plaintiff's First Amended Class Action Complaint for Damages and Equitable Relief ("Amended Complaint") alleges that MonaVie falsely advertised health benefits of its juice products and asserts claims for (1) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, *et seq*.; (2) common law fraud; and (3) unjust enrichment.[2]

On June 16, 2017, the New Jersey District Court ordered fact discovery to proceed on an expedited basis, with a close date of August 21, 2017; any motion to transfer venue to be filed by June 23, 2017; and any motion for class certification to be filed no later than September 15,

---

[1] Class Action Complaint for Damages and Equitable Relief, docket no. 1, filed Aug. 1, 2013. Plaintiff filed an amended complaint on Dec. 9, 2013. First Amended Class Action Complaint for Damages and Equitable Relief ("Amended Complaint"), docket no. 7, filed Dec. 9, 2013.

[2] Amended Complaint, docket no. 7.

2017.[3] Ms. Pontrelli timely filed a motion to transfer venue to the District of Utah, which was granted.[4] However, no further action was taken following the case's transfer.[5]

In light of Ms. Pontrelli's failure to move for class certification, the parties were ordered to provide briefing on whether subject matter jurisdiction exists.[6] Both parties have filed a responsive brief.[7] Ms. Pontrelli asserts that subject matter jurisdiction existed under the Class Action Fairness Act of 2005 ("CAFA")[8] at the time the Amended Complaint was filed.[9] She further argues that jurisdiction remains—notwithstanding Ms. Pontrelli's failure to move for class certification.[10] In its response, MonaVie asserts that jurisdiction under CAFA does not exist because class certification did not occur and there is no reasonable foreseeable possibility that a class could ever be certified.[11] As discussed below, CAFA's requirements were met at the time the Amended Complaint was filed; therefore, the court retains subject matter jurisdiction over this matter.

## STANDARD

"Federal courts are courts of limited jurisdiction and must have a statutory basis for their jurisdiction."[12] Courts "presume no jurisdiction exists absent an adequate showing by the party

---

[3] Docket no. 58.

[4] Notice of Motion to Transfer Case to the U.S. District Court for the District of Utah Pursuant to 28 U.S.C. § 1404(a), docket no. 59, filed June 21, 2017; Order, docket no. 71, entered Oct. 27, 2017.

[5] *See* Status Report Order, docket no. 81, entered Mar. 15, 2019.

[6] Order to Show Cause, docket no. 84, entered Apr. 10, 2019.

[7] Plaintiff's Response to the Court's Order to Show Cause ("Plaintiff's Response"), docket no. 85, filed Apr. 19, 2019; MonaVie's Response to Plaintiff's Response to Court's Order to Show Cause (MonaVie's Response"), docket no. 87, filed Apr. 23, 2019.

[8] 28 U.S.C. § 1332(d).

[9] Plaintiff's Response at 1.

[10] *Id*. at 1-2.

[11] MonaVie's Response at 9 (citing *Avritt v. Reliastar Life Ins. Co*., No. 07-1817-JNE-JJG, 2009 WL 1703224, at *7-8 (D. Minn. June 18, 2009)).

[12] *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016) (internal citation omitted).

invoking federal jurisdiction that jurisdiction exists; that showing must be made by a preponderance of the evidence."[13] A federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction whenever a question arises as to the existence of federal jurisdiction.[14] "'A court lacking jurisdiction . . . must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.'"[15]

## DISCUSSION

The Amended Complaint alleges class action diversity under CAFA as the only basis for federal subject matter jurisdiction in this case.[16] "Under CAFA, a federal district court has subject matter jurisdiction 'over class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member).'"[17] CAFA defines a "class action" as "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure."[18] CAFA is silent on whether class certification is required to maintain federal court jurisdiction. Although the Tenth Circuit has not directly addressed the issue,[19] several circuits have held that jurisdiction does not depend on

---

[13] *Id.*

[14] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[15] Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir.1988) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)), *cert. denied,* 489 U.S. 1080 (1989). *See also* FED. R. CIV. P. 12(h)(3).

[16] Amended Complaint ¶ 17, docket no. 7, filed Dec. 9, 2013.

[17] *Dutcher*, 840 F.3d at 1190 (quoting *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009)). *See also* 28 U.S.C. § 1332(d)(2).

[18] 28 U.S.C. § 1332(d)(1)(B) (emphasis added).

[19] At least two district courts have predicted that the Tenth Circuit would follow the other courts of appeal to find that subject matter jurisdiction remains notwithstanding the denial of class certification. *Burdette v. Vigindustries, Inc.,* No. 10–1083–JAR, 2012 WL 5505095, at *2 (D. Kan. Nov. 13, 2012); *Edwards v. ZeniMax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2013 WL 5420933, at *1 (D. Colo. Sept. 27, 2013).

certification.[20] Instead, the appropriate inquiry is whether jurisdiction existed at the time the case was *filed* as a class action.[21] This interpretation comports with the legislative history of CAFA[22] and the general principle that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."[23] But, its consequences are concerning.

In light of the failure to obtain class certification, this action remains limited to Ms. Pontrelli's individual claims, which are minimal and would not satisfy the jurisdictional amount under 28 U.S.C. § 1332(a)(2). "The notion that plaintiffs can manufacture federal jurisdiction by making classwide allegations that turn out not to be certifiable, for whatever reason, is deeply troubling."[24] Nonetheless, as noted by other courts,[25] this is an issue for Congress to resolve.

## The Amended Complaint met CAFA's requirements at the time of filing.

While federal jurisdiction under CAFA does not depend on certification, the party seeking to invoke federal jurisdiction still must satisfy CAFA's minimal diversity requirements.[26]

---

[20] *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017); *Louisiana v. Am. Nat'l Prop. Cas. Co*., 746 F.3d 633, 635 (5th Cir. 2014); *Metz v. Unizan Bank*, 649 F.3d 492, 500-01 (6th Cir. 2011); *Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.3d 805, 806-07 (7th Cir. 2010); *Buetow v. A.L.S. Enters., Inc*., 650 F.3d 1178, 1182 n.2 (8th Cir. 2011); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co*., 602 F.3d 1087, 1091-92 (9th Cir. 2010); *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016).

[21] *Id*.

[22] *See Lewis v. Ford Motor Co.*, 685 F.Supp.2d 557, 567 (W.D. Pa. 2010) ("We are persuaded by [the legislative history] that deletion of the provision which would have mandated dismissal of putative class actions which fail to satisfy the requirements of Rule 23 reflects a Congressional intent to allow cases which were originally filed as class actions and met the CAFA requirements to continue in federal court even after certification is denied."). *See also Louisiana*, 746 F.3d at 639.

[23] *Freeport-McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428 (1991); *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938).

[24] *Fleisher v. Phoenix Life Ins. Co.,* 997 F. Supp. 2d 230, 239-40 (S.D.N.Y. 2014).

[25] *Id*. *See also Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV 7582, 2017 WL 1048086, at *16 n.5 (S.D.N.Y. Mar. 17, 2017).

[26] "[I]f the jurisdictional allegations are frivolous or defective from the outset, then jurisdiction never existed in the first place, regardless of the plaintiff's invocation of a class action under CAFA." *Metz,* 649 F.3d at 501 n. 4. *See also Cunningham,* 592 F.3d at 806 and *Wright Transportation*, 841 F.3d at 1271.

In its Answer, MonaVie did not admit to CAFA jurisdiction over this action.[27] However, MonaVie has not alleged that the Amended Complaint is frivolous or deficient under CAFA. Instead, MonaVie filed a motion to dismiss the Amended Complaint on other grounds.[28] In its order denying the motion to dismiss, the New Jersey District Court stated:

> This court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) ("Class Action Fairness Act") because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and cost, there are at least one hundred members of the proposed class, and at least one member of the proposed class is a citizen of a different state than the Defendants.[29]

Although the New Jersey District Court did not discuss jurisdiction in detail, the Amended Complaint, on its face, satisfies CAFA's jurisdictional requirements.

First, the parties are minimally diverse. Under CAFA, diversity is met so long as at least one plaintiff-class member is of a different citizenship from one defendant.[30] The Amended Complaint alleged that Ms. Pontrelli is "an individual residing in the State of New Jersey";[31] MonaVie, Inc., is a Utah corporation with its principal place of business in South Jordan, Utah;[32] and MonaVie LLC is a limited liability company organized under the laws of the state of Delaware having its principal place of business in South Jordan, Utah.[33] These allegations are sufficient to conclude that there is a reasonable probability that Ms. Pontrelli and MonaVie, Inc. are diverse parties.[34]

---

[27] MonaVie, Inc.'s and MonaVie, LLC's Answer to Plaintiff's First Amended Complaint ¶ 17 at 4, docket no. 13, filed Sept. 2, 2014.

[28] Notice of Motion to Dismiss Plaintiff's Class-Action Complaint, docket no. 8, filed Jan. 9, 2014.

[29] Opinion at 5, docket no. 11, entered Aug. 19, 2014; Order, docket no. 12, entered Aug. 19, 2014.

[30] 28 U.S.C. § 1332(d)(2).

[31] Amended Complaint ¶ 9, docket no. 7.

[32] Amended Complaint ¶ 10.

[33] Amended Complaint ¶ 11.

[34] A corporation is a citizen of the state where it is incorporated and also of the state where it has its principal place of business. *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). An individual

Second, the class action purported to involve at least 100 members. In order for CAFA jurisdiction to apply, the number of members of all proposed plaintiff classes must be at least 100 in the aggregate.[35] The Amended Complaint alleged that "there are at least one hundred members of the proposed class"[36] and proposed the following class definition: "All individual residents of the state of New Jersey who purchased MonaVie Products from July 2007 through the present."[37] The Amended Complaint further claimed that "[t]he Class comprises thousands of consumers throughout the State of New Jersey."[38] These allegations reasonably support a proposed plaintiff class size of greater than 100 members.

Finally, the amount in controversy alleged exceeds $5,000,000 by a preponderance of the evidence.[39] "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."[40] Here, the Amended Complaint stated that "[t]his court has original jurisdiction over this class action pursuant to 28 U.S.C. Section 1332(d) ("Class Action Fairness Act"), in that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]"[41] The Amended Complaint also alleged:

> MonaVie Products are sold in approximately 25 ounce bottles that have the shape commonly associated with a wine bottle and are priced beginning at approximately $40 for [sic] per bottle.[42]

---

is a citizen of the state in which she is domiciled, as evidenced by her physical location and intent to remain there indefinitely. *Martinez v. Martinez,* 62 Fed. App'x 309, 313 (10th Cir. 2003).

[35] 28 U.S.C. § 1332(d)(5)(B).

[36] Amended Complaint ¶ 17.

[37] Amended Complaint ¶ 57.

[38] Amended Complaint ¶ 58.

[39] 28 U.S.C. §§ 1332(d)(2), (6); *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir. 2012).

[40] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 553 (2014).

[41] Amended Complaint ¶ 17.

[42] Amended Complaint ¶ 23.

6

Plaintiff purchased several units of the MonaVie Products in New Jersey during the class period.[43]

Plaintiff suffered ascertainable loss and lost money as a result of Defendants' conduct[.][44]

Under the NJCFA, a plaintiff is entitled to a refund of all moneys acquired by the defendant by means of the unlawful practices alleged, as well as compensatory damages, including treble damages, attorney's fees, and cost of suit.[45] Based upon the size of the prospective class members alleged, a fact finder might legally conclude that the damages exceed five million dollars.[46]

Overall, the Amended Complaint's jurisdiction allegations were not frivolous or defective at the time of filing. Therefore, federal subject matter jurisdiction over this matter continues to exist under CAFA, regardless of class certification.

**Good cause does not exist to extend discovery or class certification deadlines.**

In her response, Ms. Pontrelli requests that the deadline to file a motion for class certification be extended and discovery reopened.[47] "A schedule may be modified only for good cause and with the judge's consent."[48] Ms. Pontrelli has not shown that good cause exists to do so here. The initial class certification deadline of March 13, 2015 was previously extended 6 times.[49] As a result, Ms. Pontrelli had until September 15, 2017—almost 4 years—to move for certification.

---

[43] Amended Complaint ¶ 54.

[44] Amended Complaint ¶ 55.

[45] Amended Complaint ¶ 75; N.J.S.A. §§ 56:8-2.11, 56:8-2.12 and 56:8-19.

[46] *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016).

[47] Plaintiff's Response at 7-9, docket no. 85, filed April 19, 2019.

[48] FED. R. CIV. P. 16(b)(4).

[49] *See* MonaVie's Response at 4, docket no. 87, filed Apr. 23, 2019.

Fact discovery was also extended multiple times. Originally ordered to be completed by June 30, 2015,[50] fact discovery was ultimately extended to August 21, 2017 and ordered to be completed on an expedited basis.[51] Prior to its transfer of the case, the New Jersey District Court clearly stated that there would be no further extensions of discovery and ordered "[a]ny and all discover disputes [to] be raised with the Court immediately and in any event well in advance of the close of discovery or they shall be deemed **waived**[.]"[52]

In her response, Ms. Pontrelli argues that this case "essentially was stayed" pending a ruling in a related case, *Starr Indemnity & Liability Co. v. MonaVie, Inc.* ("*Starr*"), on whether insurance policies provided coverage to this lawsuit and another class action lawsuit against MonaVie.[53] This case was not stayed. And this case was not transferred to the District of Utah until after the deadlines had passed, so this argument does not address Ms. Pontrelli's failure to move the New Jersey District Court for another extension prior to the certification and discovery deadlines. And after the case was transferred, Ms. Pontrelli still did not take any action, including seeking to stay the case or extend any deadlines.

Ms. Pontrelli has not provided a legitimate excuse for her failure to timely conduct the necessary discovery and to timely move for class certification. MonaVie argues that extending

---

[50] *Id*. at 7. *See also* Order, docket no. 25, entered October 29, 2014.

[51] MonaVie's Response at 8. *See also* Order, docket no. 58.

[52] Order at 2, docket no. 58.

[53] Plaintiff's Response at 8-9. *Starr* was a declaratory judgment action brought by insurer Starr Indemnity & Liability Company ("Starr") against MonaVie to exclude coverage for *Parker et al v. MonaVie, Inc., et al.*, No. 2:17-cv-764 and *Pontrelli v. MonaVie, Inc., et al.*, No. 2:17-cv-1215 (this action). Ms. Pontrelli and Mr. Harbut, the plaintiff in *Parker*, intervened in *Starr* to protect their interests in the potential insurance proceeds. *See* No. 2:14-cv-395-DN, Motion by Andrew Harbut and Lisa Pontrelli to Intervene as of Right or, In the Alternative, for Permissive Intervention, ECF No. 45, filed Dec. 30, 2016; Memorandum Decision and Order, ECF No., entered Nov. 17, 2017. However, Starr was ultimately found to not be liable for coverage of these class action lawsuits. Memorandum Decision and Order Granting Motion for Summary Judgment, ECF No. 102, entered Mar. 15, 2019.

the deadline at this point in the litigation would be prejudicial.[54] "Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages."[55] This matter has been pending for over 5 years. Further delays are simply not warranted.

---

[54] MonaVie's Response at 7.

[55] *McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir. 1984).

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the Order to Show Cause[56] is SATISFIED. Subject matter jurisdiction exists for Ms. Pontrelli's individual claims for (1) violation of the NJCFA; (2) common law fraud; and (3) unjust enrichment.

IT IS FURTHER ORDERED that Ms. Pontrelli's request to extend the discovery and class certification deadlines is DENIED. A class will not be certified in this case.

IT IS FURTHER ORDERED that

(1) A telephonic status conference is set for Tuesday, July 2, 2019 at 8:30 am, at which time trial and trial-related dates will be set; and

(2) The parties shall meet and confer before the status conference to discuss

    a. participation in a Magistrate Judge Settlement Conference; and

    b. whether a joint trial should be held on overlapping issues in this matter and *Parker et al v. MonaVie, Inc., et al.*, 2:17-cv-00764-DN-DBP.

Dated May 24, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[56] Docket no. 84, entered Apr. 10, 2019.